ATLANTIC, The, (AUTHER v.) See Case No. 668.

ATLANTIC, The, (COLE v.) See Case No. 2,976.

ATLANTIC, The, (MAITLAND v.) See Case No. 8,980.

ATLANTIC DELAINE CO. (JAMES v.) See Case No. 7,177.

---

## Case No. 622.

### ATLANTIC DOCK CO. v. WENBERG.

[9 Ben. 464.] [1]

District Court, E. D. New York. April, 1878.

WHARFAGE—MARITIME LIEN—STATE LAW.

1. The agent to whom a vessel is consigned and who does the business of the vessel, and to whom an account of the wharfage of the vessel during the time she was in his charge is presented before the departure of the vessel, is made liable for such wharfage by the statute of the state of New York. Laws 1873, p. 430, [2 Rev. Laws N. Y. 1813, c. 216, p. 430.]

2. Such liability, although created by statute, springs out of and is incident to a maritime transaction, is therefore maritime in its character and accordingly may be enforced in admiralty.

[In admiralty. Action by the Atlantic Dock Company against B. J. Wenberg to recover wharfage due. Decree for plaintiff.]

Nathan Burchard, for libellant.
Beebe, Wilcox & Hobbs, for respondent.

BENEDICT, District Judge. This action is brought to recover the sum of $682.50, being the amount of a bill of wharfage due for the wharfage of the brig San Juan. There is no question as to the correctness of the bill, but the liability of the defendant is denied.

The brig San Juan was a foreign vessel, which came to the port of New York, consigned to the defendant, her owners being absent. The defendant was the agent of the vessel, and transacted her business in New York while she occupied the wharf of the libellant. Before the departure of the vessel an account of the amounts due for her wharfage while in charge of the defendant as agent, was delivered to the defendant, and a demand made upon him for the payment of the same. He acknowledged the demand, and promised to pay, but has hitherto neglected so to do. The statute of the state of New York, which fixes the rate of wharfage, provides also as follows: "The master or owner of any ship or vessel, or in their absence the factor or agent to whom such ship or vessel shall be consigned, shall be liable to pay the wharfage due for such ship or vessel; provided, however, that such factor or agent shall not be liable for the same, unless an account of the wharfage due be delivered to such factor or agent, or if absent, left at his usual place of abode, and the money there demanded before the departure of such ship or vessel from the port." See 2 Rev. Laws 1873, p. 430, [2 Rev. Laws N. Y. 1813, c. 216, p. 430.] The facts of this case clearly bring the defendant within the effect of this statute, so that, if this were an action at common law, no question could arise as to the plaintiff's right to recover. But the action being in admiralty the question is presented whether a court of admiralty has jurisdiction to enforce the liability created by the statute of the state above recited.

It is now settled that the courts of admiralty have jurisdiction in actions to recover wharfage by reason of the subject matter. Such an action the present must be held to be, notwithstanding the circumstance that the liability of the defendant arises under a statute of the state. The defendant's liability is to pay a demand maritime in character. He is made liable to pay wharfage. The liability springs out of, and is incidental to, a transaction maritime in character. The effect of the statute is to create a legal presumption that wharfage service is rendered on the request of the ship's agent as principal, when in the absence of the ship's owner the vessel under the control of the agent makes use of a wharf. In my judgment such a liability is one that a court of admiralty can enforce.

Let a decree be entered for the sum of $682.50, with interest from May 21, 1875, and costs.